IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE F. TSETSE,<br><br>    Petitioner,<br><br>  v.<br><br>ROBERT NEUSCHMID,<br><br>    Respondent. | No. C 18-1876 WHA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING LEAVE TO FILE EXCESS PAGES; TO SHOW CAUSE**<br><br>(Dkt. Nos. 52, 57) |

Petitioner, a California prisoner proceeding pro se, filed this habeas petition under 28 U.S.C. § 2254 challenging his conviction in state court. The original petition claimed ineffective assistance of counsel, and subsequently petitioner received a stay to exhaust two additional claims of prosecutorial misconduct and actual innocence. He exhausted those two claims in a failed habeas petition to the California Supreme Court, and then he renewed his Second Amended Petition ("SAP") here, which included his three exhausted claims. Respondent was ordered to filing an answer or a motion to dismiss. He chose to file a motion to dismiss, and petitioner filed an opposition. Respondent was ordered to file a reply brief twice, but he did not do so (ECF Nos. 48 ("[R]espondent *shall* file a . . . reply"), 56 ("[R]espondent *shall* file a reply . . . ") (emphasis added)).

Respondent moves to dismiss the two newly-added claims — prosecutorial misconduct and actual innocence — as procedurally defaulted. A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Petitioner exhausted these claims in a habeas petition to the California Supreme Court, which denied the petition summarily with citations to *In re Dixon*, 41 Cal. 2d 756, 264 P.2d 513 (Cal. 1953) (to bring a claim in a state habeas corpus

action a petitioner must first, if possible, have pursued the claims on direct appeal), and *In re Lindley*, 29 Cal. 2d 709 (Cal. 1947) (sufficiency of the evidence claims cannot be raised in a state habeas petition). The *Dixon* and *Lindley* rules are each adequate and independent state procedural rules barring federal habeas review. *See Johnson v. Lee*, 136 S. Ct. 1802, 1803-04 (2016) (*Dixon*); *Carter v. Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004) (*Lindley*).

The California Supreme Court's citations to *Dixon* and *Lindley* would ordinarily bar federal habeas review of petitioner's prosecutorial misconduct and actual innocence claims, but petitioner argues — and respondent does not dispute — that two exceptions to the federal procedural default rule apply. The first exception applies when the petitioner demonstrates cause for the default and actual prejudice as a result of the alleged violation of federal law, and the second exception applies if failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Petitioner argues that there was cause for his default, namely appellate counsel refused his request to raise his claims of prosecutorial misconduct and actual innocence on direct appeal. *See McClesky v. Zant*, 499 U.S. 467, 493 (1991) (ineffective assistance of counsel may constitute cause excusing procedural default). He also argues that prejudice arose from this default insofar as the claims would have succeeded on direct appeal. He further claims that he was actually innocent, which, if true, establishes both actual prejudice and a miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995) (setting forth actual innocence exception to procedural default). Respondent has not disputed or addressed these arguments either in a reply brief or in the motion to dismiss. Because respondent does not dispute that these exceptions apply, petitioner's claims are not dismissed on procedural default grounds.

Respondent does correctly argue, however, that actual innocence is not an independent grounds for federal habeas relief. The United States Supreme Court has not recognized a free-standing claim of actual innocence as grounds for federal habeas relief for a non-capital petitioner. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993)*; Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). While actual innocence warrants exemption from

procedural default, petitioner cannot bring the claim as an independent claim for habeas relief.

It is hereby ordered as follows:

1. The motion to dismiss is **GRANTED IN PART AND DENIED IN PART.** Petitioner's third claim based upon actual innocence is **DISMISSED**. Petitioner's first two claims in the SAP remain.

2. Petitioner's motion for leave to file an oversized brief is **GRANTED**.

3. Respondent shall file with the court and serve on petitioner, within **sixty-three (63) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the two remaining claims in the SAP. In doing so, respondent shall file a new answer with a supporting memorandum that either replaces or supplements the memorandum supporting the original answer. Respondent need not file new copies of previously submitted exhibits.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed. Petitioner shall indicate whether the traverse supplements or replaces the previously-filed traverse.

IT IS SO ORDERED.

Dated: February __5__, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE