IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE F. TSETSE, | No. C 18-1876 WHA (PR) |
| Petitioner, | **ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING EXTENSION OF TIME TO SHOW CAUSE** |
| v. | |
| ROBERT NEUSCHMID, | (Dkt. No. 60) |
| Respondent. | |

Petitioner, a California prisoner proceeding pro se, filed this habeas petition under 28 U.S.C. § 2254 challenging his conviction in state court. Respondent filed a motion to dismiss, which was granted in part and denied in part. Respondent has filed a motion for leave to file a motion for reconsideration from the Order ruling on the motion to dismiss ("Order").

No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Respondent moves for reconsideration of the partial denial of the motion to dismiss on the grounds that his failure to file a reply brief was based on his attorney's inadvertent misinterpretation of the local rules. An attorney's misinterpretation of the law, including local or federal procedural rules, is not one of the grounds for granting leave to file a motion for

reconsideration under Local Rule 7-9.  Respondent does not argue, or show, a material difference in fact or law from what was presented in the motion that respondent did not know about despite the exercise of reasonable diligence, a change in material facts or law since the Order, or a failure by the court to consider material facts presented to the court.  *See* Civil L.R. 7-9(b).  Accordingly, the motion for reconsideration **DENIED.**  This does not preclude respondent from presenting the arguments in his reply brief; he may include such arguments in the answer.

Respondent shall file an answer and show cause why the petition should not be granted, as provided in the Order.  The deadline for doing so is extended, to and including April 25, 2021.  A traverse is due on or before May 23, 2021.  Respondent shall not file any more motions to dismiss, but may include in the answer any arguments regarding procedural default that have not already been considered.

IT IS SO ORDERED.

Dated: March  8 , 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE